IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AUSTIN CARR, | : | |
|     Petitioner | : | No. 1:17-cr-00209-1 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
|     Respondent | : | |

**MEMORANDUM**

Before the Court is Petitioner Austin Carr ("Petitioner")'s motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 84.) Because Petitioner's § 2255 motion is time-barred, the Court is compelled to dismiss it.

**I.    BACKGROUND**

On January 23, 2019, following his plea of guilty to brandishing, carrying, and using a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c), and three counts of interference with commerce by robbery, 18 U.S.C. § 1951, in connection with several bank robberies, the Court sentenced Petitioner an aggregate term of one hundred eighty-one (181) months' imprisonment followed by five (5) years' supervised release. (Doc. No. 68.) Petitioner did not appeal his judgment of conviction and sentence.

Almost one year later, in December 2019, Petitioner submitted a letter to the Court ("December 2019 Letter") asking for assistance to determine whether he would be eligible for a sentence reduction based on authorities including United States v. Davis, 139 S. Ct. 2319 (2019). (Doc. No. 72.) Pursuant to Standing Order No. 19-8, pertaining to Davis-related 28 U.S.C. § 2255 motions, the Court appointed Petitioner counsel in connection with the December 2019 Letter. (Doc. No. 73.)

In February 2020, Petitioner's court-appointed counsel filed a motion to withdraw from

representing Petitioner, asserting that Davis provided no relief to Petitioner because, "[a]t the time of [Petitioner's] sentencing in January 2019, . . . the Third Circuit had held that bank robbery is a crime of violence under the 'elements clause' in Section 924(c)."  (Doc. No. 75 at 2–3) (citing cases, including United States v. Wilson, 880 F.3d 80 (3d Cir. 2018), and United States v. Johnson, 899 F.3d 191 (3d Cir. 2018)).  However, "to avoid prejudice to [Petitioner]," counsel requested that Petitioner's "pro se filing [] be considered by [the Court] as a timely motion under 28 U.S.C. § 2255, and [that] he [] be extended an opportunity to supplement or amend his filing."  (Id. at 3.)  The Court granted counsel's motion to withdraw on March 13, 2020, and on the same date extended the opportunity for Petitioner to supplement or amend his December 2019 Letter submission to include any and all potential challenges to his conviction by way of the issuance of the Court's standard Miller Order.  (Doc. Nos. 76–77.)  The Miller Order advised that Petitioner "may be barred from presenting in a future motion, petition, or pleading any claim not presented at this time" in connection with any § 2255 motion, and that, "if [he did] not include[] all of the claims [he] wish[ed] to assert, it may be better [for him] to withdraw the motion, petition, or pleading so that [he] may file one, all-inclusive petition under § 2255."  (Doc. No. 77 at 2–3.)  The Court provided a Notice of Election form for Petitioner to complete.  (Id. at 5–7.)

      Petitioner filed a completed Notice of Election form on April 24, 2020, indicating that he had not labeled his previous filing (the December 2019 Letter) as a § 2255 motion and wished to withdraw it so that he could file an all-inclusive motion under § 2255.  (Doc. No. 79.)  He did not file a § 2255 motion, and several months later, the Court issued an Order providing Petitioner with an additional fourteen (14) days to do so.  (Doc. No. 80.)  The Court cautioned that if Petitioner failed to file an all-inclusive § 2255 motion by the new, extended deadline, "the Court w[ould] rule on his pro se submission (Doc. No. 72) as filed."  (Id. at 3.)

Petitioner did not comply with the fourteen-day (14) deadline set forth in the Court's August 28, 2020 Order but did file a September 25, 2020 letter submission requesting that the Court "withdraw any motion, notion, or idea of [his] filing a 2255." (Doc. No. 81.) He stated: "I do not wish to exhaust an option of relief at all because I am not prepared," citing pandemic-related restrictions and lockdowns. (Id.) He further stated that his December 2019 Letter was not a request for relief under § 2255 but that, if a § 2255 motion "is the route [he] would have" to pursue any challenge to his conviction, he should receive an additional extension of time within which to file an all-inclusive § 2255 motion. (Id. at 1.)

On January 5, 2021, the Court granted Petitioner's request for an extension of time to file an all-inclusive § 2255 motion, stating:

> Upon consideration of [Petitioner]'s letter, and noting that a [§] 2255 motion is "generally the only means to challenge [a federal] conviction," see Wright v. Nash, 84 F. App'x 143, 145 (2d Cir. 2004), the Court will construe [his] letter as a request for an extension of time to file an all-inclusive [§] 2255 motion, and grant him a generous extension of time, until March 31, 2021, to file an all-inclusive [§] 2255 motion. However, if [Petitioner] fails to file an all-inclusive [§] 2255 by that date, the Court will at that time rule on his original pro se submission as filed.

(Doc. No. 82 at 4–5); see Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (noting that § 2255 motions "are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution"). Petitioner did not file a § 2255 motion by March 31, 2021, and the Court later deemed his December 2019 Letter (construed as a timely § 2255 motion) withdrawn upon further review of the record and his September 25, 2020 request that his § 2255 motion be deemed withdrawn. (Doc. No. 83.)

Over two years after the Court issued the January 5, 2021 Order discussed above—on June 14, 2023—Petitioner filed a pending motion to vacate, set aside, or correct his sentence pursuant to § 2255. (Doc. No. 84.) The motion asserts that Petitioner's trial counsel failed to

3

honor his request to file a notice of appeal on his behalf to challenge his judgment of conviction and sentence.[1]  (Id.)  On July 18, 2023, after reviewing Petitioner's § 2255 motion and concluding that it was untimely, the Court issued an Order directing Petitioner to show cause, within thirty days of the date of that Order, as to why the Court should not dismiss his § 2255 motion as untimely.  (Doc. No. 85.)  Petitioner did not respond to the Order.

## II.   LEGAL STANDARD

Section 2255(a) provides that a federal prisoner may file a motion requesting that the sentencing court vacate, set aside, or correct his sentence on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  See 28 U.S.C. § 2255(a).  However, § 2255 does not afford a remedy for all errors that may have been made at trial or during sentencing.  See United States v. Essig, 10 F.3d 968, 977 n.25 (3d Cir. 1993) (citing United States v. Addonizio, 442 U.S. 178, 185 (1979)).  Rather, § 2255 is implicated only when the alleged error raises "a fundamental defect which inherently results in a complete miscarriage of justice."  See Addonizio, 442 U.S. at 185.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petitioner has one year from the time his conviction becomes final to file a § 2255 motion.  See 28 U.S.C. § 2244.  The one-year limitations period begins to run from the latest of the following dates:

---

[1] The motion also requested appointment of counsel.  (Doc. No. 84 at 3.)  The Court denied that request because, given that Petitioner's motion appeared to be time-barred, Petitioner was unable to establish that the motion contained any meritorious claims.  (Doc. No. 85 at 7–8) (first citing Montgomery v. Pinchak, 294 F.3d 492, 498–99 (3d Cir. 2002) (citing Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993)); and then citing Houser v. Folino, 927 F.3d 693, 698 (3d Cir. 2019) (noting that it is "an abuse of discretion to appoint counsel to advance claims with no arguable merit in law and fact")).

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented by making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

See id. § 2255(f). Generally, the one-year limitations period begins to run on "the date on which the judgment of conviction becomes final." See id. § 2255(f)(1). In this context, a judgment of conviction becomes final on the date on which the time for filing a timely direct appeal expires. See Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999).

### III. DISCUSSION

In Petitioner's case the Court imposed judgment of conviction and sentence on January 23, 2019. (Doc. No. 68.) He had fourteen (14) days to file a notice of appeal. See Fed. R. App. P. 4(b)(1)(A)(i). Because he did not file a notice of appeal, Petitioner's judgment of conviction became final on February 6, 2019. See United States v. Carey, No. 1:08-cr-00435-1, 2015 WL 3752523, at *1 (M.D. Pa. June 16, 2015). Therefore, Petitioner had one year from February 6, 2019—until February 6, 2020—to file a timely § 2255 motion. Petitioner did not file his pending § 2255 motion until over three (3) years later, on June 14, 2023. (Doc. No. 84.) Therefore, unless Petitioner is entitled to belated commencement of the limitations period under § 2255(f)(2)–(4), or equitable tolling, his § 2255 motion is time-barred. See generally Holland v. Florida, 560 U.S. 631 (2010); Ross v. Varano, 712 F.3d 784 (3d Cir. 2013).

Though he did not respond to the Court's show-cause Order, Petitioner attached an affidavit to his § 2255 motion in which he asserted that he is entitled to equitable tolling because

5

he was prevented from filing a timely § 2255 motion.  (Doc. No. 84-1.)  Petitioner's affidavit asserts that he asked his prior counsel to file an appeal on his behalf, and that counsel promised but failed to do so.  (Doc. No. 84-1.)  The affidavit further asserts that Petitioner began preparing a § 2255 motion in December 2019, but when he was ready to file the motion in March 2020, the pandemic "shut down" the country and his then-facility of confinement.  (Id.)  As a result, he "could not get to a library so he could put together [his] 2255 motion in 2020 due to US (B.O.P.) being on COVID-19 lockdown and restrictions."  (Id.)  Further, after transferring to a different facility in August 2022, Petitioner alleges that he could "do no type of law-work there" because of "restricted movements coupled with the restrictions of COVID-19."  (Id.)

The Court has considered Petitioner's equitable-tolling arguments and concludes that he is not entitled to over two years of additional equitable tolling, i.e., from April 1, 2021—the day after the expiration of the March 31, 2021 extended deadline for the filing of an all-inclusive § 2255 motion—to June 14, 2023—the date on which Petitioner filed his pending § 2255 motion.  To be entitled to equitable tolling, Petitioner must establish: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  See United States v. Doe, 810 F.3d 132, 150 (3d Cir. 2015) (quoting Holland, 560 U.S. at 649); see also United States v. Miller, 197 F.3d 644, 653 (3d Cir. 1999) (applying equitable tolling where a petitioner "was prevented, in some extraordinary way, from asserting his rights").

Petitioner has failed to satisfy the above legal standard.  He asserts that he could not access a law library in 2020 due to pandemic-related lockdowns, but he does not assert that he was barred from library access in 2021 or in early to mid-2022, and he could have raised the only discernable argument in his § 2255 motion (trial counsel failed to file a notice of appeal on his

behalf) years ago, regardless of his access to a library and legal resources. See Harding v. Warden Mason of SCI Mahanoy, No. 5:21-cv-02393, 2021 WL 5177711, at *3 (E.D. Pa. Nov. 8, 2021) (denying equitable tolling where the petitioner failed to "demonstrate[] exactly when the prison law library was closed or that he was denied access during the entire time period in question"). He has therefore failed to demonstrate "a causal relationship between [closure of or limited access to the library] and the lateness of his filing." See Dates v. Winters, No. 22-2253, 2022 WL 17958626, at *2 (3d Cir. Dec. 27, 2022) (unpublished) (affirming denial of equitable tolling for lack of causation). Further, Petitioner was able to file, in 2020, his Notice of Election and his letter withdrawing his § 2255 motion, demonstrating his ability to "file[] a placeholder to preserve his claims while the law library was closed" or limited in access. See id. And while Petitioner asserts that in February 2023, he was "finally able to put a motion together" (Doc. No. 84-1 at 2), he did not file the pending motion until about four months later, without any explanation as to why he needed four months to file a motion asserting the sole contention that his trial counsel failed to file a notice of appeal in early 2020.

    Nor can the Court conclude that Petitioner diligently pursued his rights. His claim that prior counsel failed to file a notice of appeal could have been raised years ago, after the time for filing an appeal elapsed, or in February 2019, when Petitioner reminded counsel to file a notice of appeal, or in October 2019, when Petitioner received no response from counsel in response to his letter asking about the status of any appeal. See United States v. Claudio, No. 3:11-cr-00337, 2015 WL 390902, at *3–4 (M.D. Pa. Jan. 28, 2015) (rejecting equitable tolling argument where the petitioner "could have learned . . . that no appeal had been filed"). Moreover, after the Court granted Petitioner generous extensions to file an all-inclusive § 2255 motion, Petitioner failed to file a motion and did not seek any additional extensions of time after March 31, 2021, i.e., the

7

extended deadline for filing the same.  Over two years passed, and Petitioner did not submit anything to the Court indicating that he wished to pursue a § 2255 motion.  Indeed, Petitioner concedes that he had four months after he alleges to have regained an ability to prepare a § 2255 motion, despite his assertion that he was ready to file such a motion in March 2020 (Doc. No. 84-1 at 2), to file one.  These circumstances do not establish due diligence.

In sum, Petitioner has not established that he was prevented from filing a timely § 2255 motion or that he exercised sufficient diligence to warrant application of equitable tolling.  There is also no basis in the record upon which the Court could conclude that Petitioner is entitled to belated commencement of the limitations period pursuant to § 2255(f)(2)–(4).

### IV.     EVIDENTIARY HEARING

Section 2255(b) advises that a petitioner may be entitled to a hearing on his motion.  The decision whether to hold a hearing is wholly within the discretion of the district court.  See Gov't of V.I. v. Forte, 865 F.2d 59, 62 (3d Cir. 1989).  Where the record affirmatively indicates that a petitioner's claim for relief is without merit, the claim may be decided on the record without a hearing.  See Gov't of V.I. v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985).  Here, the Court finds that "the motion and files and records of this case show conclusively that the movant is not entitled to relief."  See United States v. Booth, 432 F.3d 542, 545 (3d Cir. 2005).  Accordingly, the Court finds no reason to hold an evidentiary hearing in this matter.

### V.      CERTIFICATE OF APPEALABILITY

In proceedings brought under § 2255, a petitioner cannot appeal to the circuit court unless a certificate of appealability ("COA") has been issued.  A court may not issue a COA unless "the applicant has made a substantial showing of the denial of a constitutional right."  See 28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could

disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, the Court concludes that jurists of reason would not find the disposition of this case debatable, and the Court will not issue a COA.

### IV.     CONCLUSION

For the foregoing reasons, the Court will dismiss Petitioner's § 2255 motion (Doc. No. 84) as untimely. The Court will not conduct an evidentiary hearing and will not issue a COA. An appropriate Order follows.

 s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania